REQUESTED BY: Harold W. Clarke, Director Nebraska Department of Correctional Services
You have inquired whether Neb. Rev. Stat. § 81-8,239.08 (1999) would provide for representation by the Attorney General's Office for a licensed psychologist who is providing professional services for the Department of Correctional Services in those cases where the psychologist might be sued by an inmate in a civil action filed pursuant to42 U.S.C. § 1983. It is our conclusion that this Section would provide for such representation.
Section 81-8,239.08 was enacted by the Nebraska Legislature by the passage of LB 560 during the 1992 legislative session. The introductor's statement of intent for LB 560 indicates that it was intended to provide for the "indemnification of such medical service providers who might have judgments rendered against them in such civil rights actions." (Introducer's statement of intent, LB 560). The principle introducer's statement of intent noted that the Department of Correctional Services was approaching a point where they would have difficulty attracting and maintaining positions under contract to provide medical services to inmates because of the greater propensity of inmates to sue medical service providers. (Introducer's statement of intent, LB 560).
Legislative staff who presented the bill to the Committee on the Judiciary informed the committee that the bill was narrowly tailored to address only the civil rights act and not medical malpractice. (Committee on judiciary, February 28, 1991, p. 26). George Green, Legal Counsel for the Department of Correctional Services, also informed the committee of the difficulty of attracting and retaining quality health care contractors because of the threat of suits from inmates for the alleged deprivation of the inmates' civil rights. (Committee on judiciary, p. 27). Throughout the testimony before the Committee on the Judiciary as well as throughout the floor debate on the bill, those who spoke about the bill, talked of indemnification for "persons who provide medical services" and "doctors and dentists and other medical personnel."
The question remains as to whether a psychologist would be included under medical providers or medical personnel. Psychologists often work closely with physicians in providing proper medical and psychological care for individuals. This is especially true in the correctional system where many inmates require both physical and mental care.
In re interest of Hedrick, 3 Neb. App. 807, 532 N.W.2d 643 (1995), as well as In re interest of Yeagley, unpublished opinion at 2001 WL 47404, the Nebraska Court of Appeals equates the testimony of a qualified psychologist as that of a medical professional as it related to the mental health commitment issues involved in those issues. The mental health commitment statutes involved in these cases allow for a practicing physician or practicing psychologist to provide requisite testimony for commitment.
The discussion of the bill both in committee and on the floor of the legislature indicates an intent to include professionals under contract with the Department of Correctional Services. It is our determination that representation and indemnification of psychologists under contract with the Department of Correctional Services for lawsuits initiated by inmates under 42 U.S.C. § 1983 as a result of work done pursuant to contract with the State would fall within the parameters of a Legislature's intent as set out in the Legislative history for LB 560. This representation and indemnification would be limited to those instances where work was performed for the Department of Correctional Services as a part of a formal contract.
Sincerely yours,
 JON BRUNING Attorney General
 Linda L. Willard Assistant Attorney General
Approved by:
_________________________________ Attorney General